**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

WILBERT LEZELL JOHNSON                                                                                      PLAINTIFF

v.                                              1:15CV00056-JM-JTK

SHAWN RICHARD, et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Johnson originally filed this pro se 42 U.S.C. § 1983 action while incarcerated at the Grimes Unit of the Arkansas Department of Correction (Doc. No. 2). He notified the Court of his release from prison on March 14, 2016 (Doc. No. 89).

Currently pending before the Court are Defendant's[1] Motions to Compel and for Sanctions (Doc. No. 87, 91). By Order dated April 7, 2016, this Court directed Plaintiff to file a Response to Defendant's Motion to Compel within fifteen days of the date of the Order, noting that his failure to respond could result in the dismissal without prejudice of his Complaint for failure to prosecute (Doc. No. 90). Plaintiff has not responded to the Motion, and according to Defendant's subsequent Motion for Sanctions, also failed to appear at his deposition, scheduled on April 11, 2016 (Doc. No. 91).

In his Motion to Compel, Defendant stated that Plaintiff repeated failed to respond to his discovery requests, including a signed HIPAA medical authorization form (Doc. No. 87-2).[2] Plaintiff originally was served with discovery on September 4, 2015, and failed to respond. (Doc. No. 87-2, p. 2) Although Plaintiff sent an objection to the discovery request following Defendant's letter

---

[1] Defendant Shawn Richard is the sole remaining Defendant.

[2] Plaintiff alleged in his Complaint that Richard did not properly diagnose or treat him for schizophrenia, depression, and alcohol and cocaine abuse. (Doc. No. 2)

requesting a response, Defendant objected to his responses as broad and not in compliance with FED.R.CIV.P. 33(b)(4) and 34(b)(2) (Doc. No. 62). In addition, Plaintiff failed to submit the HIPAA authorization. Plaintiff filed a Notice of Appeal, and discovery was stayed, pending the resolution of the appeal (Doc. No. 70). The stay was lifted on January 8, 2016 (Doc. No. 82), and Plaintiff filed an amended response to Defendant's discovery requests (Doc. No. 83), again broadly objecting to the requests and failing to include a signed HIPAA medical authorization form. Counsel for Defendant sent Plaintiff a letter on February 8, 2016, requesting supplements to his discovery responses and execution of the HIPAA form by February 29, 2016 (Doc. No. 87-3). Plaintiff responded, but failed to supplement his requests (Doc. No. 86). Defendant then filed this Motion to Compel, requesting an order compelling Plaintiff to comply with his requests, or an Order dismissing the lawsuit (Doc. No. 87).

In the subsequent Motion for Sanctions, Defendant states that Plaintiff was served with a Subpoena Duces Tecum/Notice of Deposition on March 30, 2016, rescheduling his deposition for April 11, 2016 (Doc. No. 91-1, p. 6).[3] Plaintiff failed to appear at the deposition. (Id., p. 3) Defendant seeks sanctions in the form of attorney's fees and expenses and dismissal of Plaintiff's Complaint.

Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communi-

---

[3]Defendant first attempted to take Plaintiff's deposition while he was incarcerated, but Plaintiff objected to providing testimony at that time, due to a pending appeal. (See Doc. No. 67) The Court at that time granted Plaintiff's objection (entered by telephone), and directed that the deposition be rescheduled at ta later date.

> cation from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

In addition, FED.R.CIV.P. 37(b)(2)(A)(v) and 37(d)(3) provide that if a party fails to obey an order to provide or permit discovery, or fails to serve answers to interrogatories, the Court may sanction the party by dismissing the action. In this case, in light of Plaintiff's failure to properly respond to Defendant's discovery requests, submit a signed HIPAA authorization, appear at his deposition, and to comply with this Court's April 7, 2016 Order directing a Response to the Motion to Compel within fifteen days, the Court finds that Plaintiff's Complaint should be dismissed without prejudice. Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Compel (Doc. No. 87) be GRANTED.

2. Defendant's Motion for Sanctions (Doc. No. 91) be GRANTED.

3. Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 27th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE